Su v. Holder

BIA
IJ, Cheng
A087 973 191

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

WENXING SU, AKA WENJIN SU,
        *Petitioner,*

        v.                                    13-2294
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Paul Fiorino, Senior

**Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and GRANTED in part, and the matter is remanded for further consideration.

Wenxing Su, a native and citizen of the People's Republic of China, seeks review of a May 15, 2013, decision of the BIA affirming the February 13, 2012, decision of an Immigration Judge ("IJ"), pretermitting his asylum application and denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wenxing Su*, No. A087 973 191 (B.I.A. May 15, 2013), *aff'g* No. A087 973 191 (Immig. Ct. N.Y. City Feb. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Asylum

Su's asylum application was pretermitted by the agency as untimely, as the agency determined that Su failed to demonstrate by "clear and convincing evidence that the application had been filed within 1 year after the date of [Su's] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the factual determination that the application was untimely, but retain jurisdiction to consider constitutional claims or questions of law. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009).

Su argues that the IJ mischaracterized his testimony as inconsistent with a May 2009 hospital record and March 2009 physical examination report, thus raising a question of law. However, this argument challenges the "IJ's fact-finding . . . and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We thus lack jurisdiction to review it. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3),

1252(a)(2)(D). Accordingly, we dismiss Su's petition insofar as it challenges the denial of his asylum application.[1]

## II. Withholding of Removal and CAT Relief

As Su's application is governed by the REAL ID Act of 2005, the agency may "consider[] the totality of the circumstances," and base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ's inconsistency findings crucially rest on mischaracterizations and impermissible speculation, and the

---

[1] As we remand this decision on the grounds listed below, nothing precludes the agency from reconsidering its untimeliness finding, particularly as that finding largely relies on the same credibility findings we find unsupported by substantial evidence.

4

remaining grounds fail to sufficiently support the adverse credibility determination.

The IJ based her inconsistency finding on two purported discrepancies between Su's testimony and documents that he submitted. First, the IJ considered the date of a document from a hospital inconsistent with Su's testimony about the date of his hospital stay. Su testified that he was admitted to the hospital on May 28, 2009, and stayed for two days. The document reflecting his hospitalization is dated May 30, 2009. Absent evidence that Chinese hospital records are always dated on the day of admission, rather than the day of discharge (a highly dubious proposition), the document appears consistent with Su's testimony. Second, the IJ considered Su's testimony that he was married inconsistent with an entry in his father's household registration booklet, which listed him as unmarried. But that entry was made before Su's marriage, and while the entry was not updated when a new member was added to the household registration booklet at a date after Su's marriage, that member was Su's wife, who was listed as Su's father's daughter-in-law. Once again, no meaningful contradiction is apparent.

5

With regards to both of these purported discrepancies, moreover, the IJ impermissibly speculated regarding documentary practices in China. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005) ("Without some specific evidence concerning practices in China," basing credibility findings on failure to satisfy particular documentary practices is impermissible). The reasons for an implausibility finding must be evident and not based on flawed reasoning or speculation. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Without further support, it is speculation to presume that hospital visit documentation in China is issued upon admission rather than discharge, and that parental household registries are inevitably updated in a comprehensive manner.

The IJ's remaining findings do not rise to the level of substantial evidence needed to support an adverse credibility determination. The IJ observed immaterial omissions in a letter from Su's wife, and observed that Su did not specifically document or precisely remember one employer during a period of transitory work. These matters are far too trivial to justify an adverse credibility finding. Finally, the IJ relied on a tenuous finding that

6

Su's demeanor was non-responsive and evasive. While we usually defer to adverse demeanor findings, that deference is diminished when it is not tethered to specific instances of inconsistent testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). A review of the record demonstrates that the primary suggestion of inconsistent testimony related to an exchange in which Su, in response to an inquiry about documentation demonstrating his entry date, clarified that his documentation demonstrated his date of departure from China. Because the departure evidence was circumstantial evidence of his entry date, his testimony was not inconsistent or evasive, and therefore did not support the demeanor finding. The record as a whole confirms that Su's testimony was consistent, both internally and with his documentary evidence.

In sum, a consideration of the evidence cited by the IJ in support of her adverse credibility finding, and reiterated by the BIA, suggests that "no reasonable fact-finder could make such an adverse credibility ruling," *Xiu Xia Lin*, 534 F.3d at 167, on the basis of the evidence and reasoning before us. As this adverse credibility finding comprised the grounds for denying Su's withholding and CAT

7

applications, we conclude that a remand is warranted for reconsideration of Su's credibility.  While we have no doubt that the original IJ in this petition could reconsider the matter impartially, in order to avoid any risk of the appearance of partiality, we direct that the reconsideration occur at a new hearing before a different IJ.

For the foregoing reasons, the petition for review is DISMISSED with regard to the asylum application and GRANTED with regard to the withholding and CAT applications.  With regard to the withholding and CAT applications, the matter is remanded for reconsideration before a different IJ.  As we have completed our review, Su's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8